UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

**SHAWN SERRANO**, on behalf of
himself and those similarly situated,

    Plaintiff,

vs.                                                                                                       Case No.

**RIVAS CONTRACTING SERVICES,
LLC,** a Georgia Limited Liability
Company; **STEPHEN RIVAS**, individually,
and **JORGE RIVAS JR.,** individually,

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, SHAWN SERRANO, ("Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, files this Complaint against Defendants, RIVAS CONTRACTING SERVICES, LLC., STEPHEN RIVAS, and JORGE RIVAS JR., (collectively, "Defendants") and states as follows:

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And second, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendants, and was paid solely "day-rates" with no overtime premiums for all hours worked.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

## PARTIES

6. At all times material hereto, Plaintiff was a resident of Carrolton County, Georgia.[1]

7. At all times material hereto, RIVAS CONTRACTING SERVICES, LLC was a Georgia Limited Liability Company.

8. At all times material hereto, RIVAS CONTRACTING SERVICES, LLC owned and operated a construction business in the State of Georgia.

9. At all times RIVAS CONTRACTING SERVICES, LLC maintained its principle place of business at 209 Ira Smith Rd, Carrolton, GA, 30116.

10. At all times material hereto, STEPHEN RIVAS owned and operated RIVAS CONTRACTING SERVICES, LLC.

11. At all times material hereto, JORGE RIVAS JR., owned and operated RIVAS CONTRACTING SERVICES, LLC.

12. At all times material hereto, STEPHEN RIVAS managed and operated RIVAS CONTRACTING SERVICES, LLC on a day to day basis.

---

[1] The written consent of Shawn Serrano is attached as **EXHIBIT A**

13. At all times material hereto, JORGE RIVAS JR., managed and operated RIVAS CONTRACTING SERVICES, LLC on a day to day basis.

14. At all times material hereto, STEPHEN RIVAS regularly exercised the authority to hire and fire employees of RIVAS CONTRACTING SERVICES, LLC.

15. At all times material hereto, JORGE RIVAS JR., regularly exercised the authority to hire and fire employees of RIVAS CONTRACTING SERVICES, LLC.

16. At all times material hereto, STEPHEN RIVAS determined the work schedules for the employees of RIVAS CONTRACTING SERVICES, LLC.

17. At all times material hereto, JORGE RIVAS JR., determined the work schedules for the employees of RIVAS CONTRACTING SERVICES, LLC.

18. At all times material hereto, STEPHEN RIVAS directed the day-to-day work of Plaintiff.

19. At all times material hereto, JORGE RIVAS JR. directed the day-to-day work of Plaintiff.

20. At all times material hereto, STEPHEN RIVAS controlled the finances and operations of RIVAS CONTRACTING SERVICES, LLC.

21. At all times material hereto, JORGE RIVAS JR., controlled the finances and operations of RIVAS CONTRACTING SERVICES, LLC.

22. At all times material hereto, JORGE RIVAS JR., was engaged in business in the State of Georgia.

23. At all times material hereto, STEPHEN RIVAS was engaged in business in the State of Georgia.

24. At all times material hereto, STEPHEN RIVAS was, and continues to be, an individual resident of the State of Georgia.

25. At all times material hereto, JORGE RIVAS JR., was, and continues to be, an individual resident of the State of Georgia.

## FLSA COVERAGE

26. At all times material hereto, Plaintiff regularly performed duties for Defendants within the State of Georgia and within this judicial district.

27. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

28. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

29. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA because they simultaneously engaged in business operations in multiple states.

30. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

31. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

32. At all times material hereto, Defendants had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce, including industrial machines, automobiles, gas, construction materials and other materials necessary and integral to Defendants' business operations.

33. Based upon information and belief, the annual gross revenue of RIVAS

4

CONTRACTING SERVICES, LLC was in excess of $500,000.00 per annum during the relevant time periods.

34. At all times material hereto, RIVAS CONTRACTING SERVICES, LLC was an "employer" within the meaning of FLSA.

35. At all times material hereto, STEPHEN RIVAS was an "employer" within the meaning of FLSA.

36. At all times material hereto, JORGE RIVAS JR., was an "employer" within the meaning of FLSA.

37. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

38. At all times material hereto, Defendants controlled the manner in which Plaintiff's work was performed. To that end, Defendants assigned Plaintiff his specific assignments and dictated the specific manner in which he was required to do his work.

39. Plaintiff was paid a set day rate in an amount set by Defendants.

40. Plaintiff had little or no investment in the materials required to complete his work for Defendants.

41. Plaintiff did not employ helpers and lacked the authority to hire/fire anyone to perform the work that he was hired to do.

42. The work performed by Plaintiff for Defendants required no special skill.

**STATEMENT OF FACTS**

43. On or about April 21, 2020, Defendants hired Plaintiff to work as a non-exempt Crew Leader.

44. At all times material hereto, Plaintiff worked for Defendants performing

construction and general labor duties.

45. From at least April 21, 2020 and continuing through approximately December 29, 2020, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

46. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

47. Defendants have violated Title 29 U.S.C. §207 from at least April 21, 2020 and continuing through approximately December 29, 2020, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, or inadequate payments and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA.

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff and the class members were all "Installer/Technicians" and performed the same or similar job duties as one another in that they installed hand rails in Georgia, Ohio and Alabama.

49. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all paid a "day-rate" with no overtime premiums for all hours worked, including all overtime hours.

50. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

51. Defendants' failure to properly compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that all "Installers/Technicians" are/were paid for overtime hours at a rate no greater than their regular rate of pay.

52. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All day-rate compensated "Installers/Technicians" who worked for Defendants within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

53. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

54. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

55. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

56. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

57. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

58. Plaintiff realleges and incorporates paragraphs 1 through 57 as if fully set forth herein.

59. From at least April 21, 2020 and continuing through approximately December 29, 2020, Plaintiff worked in excess of forty (40) hours per work week.

60. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek

61. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times hiss regular rate of pay for those hours worked in excess of forty (40) hours.

62. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

63. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of

one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

64. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

65. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

66. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. An order permitting notice to issue to all similarly situated employees pursuant to 29. U.S.C. §§ 216(b);

    b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    c. Awarding Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f. Awarding Plaintiff pre-judgment and/or post-judgment interest;

   g.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: September 1, 2021.     Respectfully submitted,

               ***/s/ Andrew R. Frisch***
               ANDREW R. FRISCH
               GA Bar No. 366105
               MORGAN & MORGAN, P.A.
               8151 Peters Road, Suite 4000
               Plantation, FL 33324
               T: (954) WORKERS;  F: (954) 327-3013
               E-mail: AFrisch@forthepeople.com

               *Trial Counsel for Plaintiff*